# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0950-22

D.Q.,[1]

    Plaintiff-Appellant,

v.

F.Q.,

    Defendant-Respondent.

_____

Submitted March 12, 2024 – Decided April 22, 2024

Before Judges Smith and Perez Friscia.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FV-12-2404-21.

D.Q., appellant pro se.

F.Q., respondent pro se, has not filed a brief.

PER CURIAM

---

[1] We use initials to refer to the parties and the minor child to protect their privacy and preserve the confidentiality of these proceedings. R. 1:38-3(d)(13).

Plaintiff D.Q. appeals from a September 28, 2022 amended final restraining order (AFRO), which denied her application for sole custody and termination of defendant F.Q.'s parenting time, finding no change in circumstances. Following our review of the record and applicable legal standards, we affirm.

I.

The parties were married and share a daughter, G.Q., born in 2016. The parties thereafter separated. Plaintiff has maintained that, in 2020, defendant's girlfriend sexually and physically assaulted G.Q. during defendant's parenting time. Defendant has continuously refuted the allegations.

After plaintiff filed a non-dissolution application, on August 24, 2020, the court held a telephonic conference due to the COVID-19 pandemic. The parties resolved the disputed issues of custody, parenting time, and child support. The memorializing order provided the parties agreed to: joint custody of G.Q.; designation of plaintiff as the parent of primary residence; defendant's alternating weekend parenting time without his girlfriend present; follow "all recommendations made by the [Division of Child Protection and Permanency (DCPP)]"; and child support. In November, after plaintiff filed an application for child support and custody, the court ordered: defendant's

A-0950-22

payment of child support arrears; continued "joint legal custody" of G.Q.; and defendant to have parenting time "every other Saturday and Sunday from [10:00 a.m. to 5:00 p.m.]"

In April 2021, after a hearing, the court denied plaintiff's application to modify custody and "suspend all parenting time and/or modify custody," finding plaintiff had not shown a substantial change in circumstances. The court had reviewed the submitted DCPP report regarding the sexual and physical assault allegations against G.Q. and found the "allegations of abuse were unfounded or not established." The parties were ordered to provide updated financial information for a child support modification and "work [-]related [childcare] costs." In June, the court reviewed the financial information submitted and imputed income to defendant, ordering him to pay slightly increased child support and 36% toward extracurricular expenses.

On June 22, plaintiff filed a complaint under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35, and obtained a temporary restraining order. Thereafter, a final restraining order (FRO) was entered against defendant for plaintiff's protection. On July 15, 2022, the court heard plaintiff's AFRO application, ordering defendant to timely pay child support, and denying plaintiff's request for the court's recusal. The court further

3

ordered the parties not to disparage each other, referencing plaintiff's prior AFRO that limited the parties' communication.

On August 26, plaintiff again moved for an AFRO, seeking "full custody" of G.Q., child support enforcement, and a plenary hearing. Specifically, plaintiff sought enforcement of the child support ordered but did not request a child support modification. On September 28, the court held a hearing with the parties appearing self-represented. At the hearing, plaintiff withdrew her request to address child support and argued to terminate defendant's custody and parenting time.[2] In clarifying plaintiff's requested relief, the court had the following exchange:

> THE COURT: Okay. So . . . , this is your application for a couple different things; one . . . that you had requested for was child support. So I ran the child support arrears. The child support arrears are $123.00.
>
> . . . .
>
> PLAINTIFF: Your Honor, he paid me $553 and $250 so it was not $123.
>
> THE COURT: Okay. But it is now.

---

[2] It appears a later order was issued on October 7, 2022 addressing child support arrears, but documents regarding this action were not provided.

PLAINTIFF: I understand that. When I tried reaching the courts and left a message to let them know that I don't need child support[,] I never got a call back.

THE COURT: What do you mean that you don't need child support?

PLAINTIFF: I didn't need . . . to address . . . child support.

. . . .

THE COURT: . . . I just wanted to make sure that there wasn't something we were missing.

. . . .

PLAINTIFF: We were able to agree on that.

. . . .

THE COURT: Now, you also have an application that you want to be named sole legal custodian.

. . . .

THE COURT: Okay. And what's the basis -- because remember, when we have an application for a modification of custody which is what this is, it's considered a modification. You have the burden of proof to show that it's in the best interest[s] of the child and that there has been changed circumstances since the legal custodial order was entered as to why it should be changed.

The court provided plaintiff the opportunity to clarify her requested relief.

5

While defendant had telephone conversations with his daughter, he had not seen her for approximately one-and-a-half years prior to the hearing. Throughout the hearing, plaintiff maintained she continually facilitated a relationship between defendant and G.Q., stating, "I've never denied him, our daughter . . . I would be wrong for that," and "I try to get her to communicate with him because I said, 'Your dad loves you.'"

The court found plaintiff had not demonstrated a change in circumstances to modify custody and parenting time, reasoning "the [DCPP] ha[d] not found [plaintiff]'s allegations of abuse of [G.Q.] to be valid" and "[t]he prosecutor's office ha[d]n't done anything" regarding the allegations. Further, the court found plaintiff did not "have a basis to terminate [defendant's] parental rights." The court ordered supervised parenting time to occur in the courthouse on Saturdays, which previously was not possible because of the COVID-19 pandemic.

On appeal, D.Q. contends: the child support order is unreasonable because a modification was warranted; and the court failed to analyze the child custody statutory factors pursuant to N.J.S.A. 9:2-4(c) and make the requisite factual findings.

6

"We accord deference to Family Part judges due to their 'special jurisdiction and expertise in family [law] matters.'" Gormley v. Gormley, 462 N.J. Super. 433, 442 (App. Div. 2019) (alteration in original) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). Our scope of review of Family Part orders is limited. Cesare, 154 N.J. at 411. A judge's findings "are binding on appeal so long as their determinations are 'supported by adequate, substantial, credible evidence.'" Gormley, 462 N.J. Super. at 442 (quoting Cesare, 154 N.J. at 411-12). We review orders concerning modification of child support or parenting time under an abuse of discretion standard. See J.B. v. W.B., 215 N.J. 305, 325-26 (2013); see also Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012). An abuse of discretion occurs where the trial court's decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)). However, while "a family court's factual findings are entitled to considerable deference, we do not pay special deference to its interpretation of the law."

Thieme v. Aucoin-Thieme, 227 N.J. 269, 283 (2016) (quoting D.W. v. R.W., 212 N.J. 232, 245 (2012)).

"Where there is already an agreement affecting custody and parenting time in place, it is presumed it 'embodies a best interests determination.'" A.J. v. R.J., 461 N.J. Super. 173, 182 (App. Div. 2019) (quoting Todd v. Sheridan, 268 N.J. Super. 387, 398 (App. Div. 1993)). "In custody cases, it is well settled that the court's primary consideration is the best interests of the children." Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007). The focus is on the "safety, happiness, physical, mental and moral welfare of the child[ren]." Sacharow v. Sacharow, 177 N.J. 62, 82 (2003) (quoting Fantony v. Fantony, 21 N.J. 525, 536 (1956)).

"A custody arrangement adopted by the trial court, whether based on the parties' agreement or imposed by the court, is subject to modification based on a showing of changed circumstances, with the court determining custody in accordance with the [child's] best interests." Bisbing v. Bisbing, 230 N.J. 309, 322 (2017). The moving party must first show "a change of circumstances warranting modification" of the extant custody and parenting time order. Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015) (quoting R.K. v. F.K., 437 N.J. Super. 58, 63 (App. Div. 2014)). After a change in circumstances is

A-0950-22

demonstrated, "the party is 'entitled to a plenary hearing as to disputed material facts regarding the child's best interests, and whether those best interests are served by modification of the existing custody order.'" Ibid. (quoting R.K., 437 N.J. Super. at 62-63); see also Lepis v. Lepis, 83 N.J. 139, 159 (1980). Courts evaluate changed circumstances based on facts existing at the time the prior agreement or order was entered. See Beck v. Beck, 239 N.J. Super. 183, 190 (App. Div. 1990); see also Donnelly v. Donnelly, 405 N.J. Super. 117, 127-29 (App. Div. 2009).

### III.

We first address plaintiff's contention that the court erred in failing to address defendant's child support obligation and "that a modification is warranted." A review of the record demonstrates plaintiff withdrew her request to address child support at the hearing by stating, "I d[o]n't need . . . to address the child support," "I tried reaching the courts and left a message to let them know that I don't need child support," the child support "was brought current," and "[w]e actually worked some of [G.Q.'s] childcare out." At no time during the hearing did plaintiff request the court address any child support issues. Also, plaintiff had only requested enforcement of child support in her FRO modification application.

9

During the hearing, the court sought clarification from plaintiff regarding the relief requested by asking, "what do you want me to order for you?" and "what [is it] that you want the [c]ourt to order to happen[?]" The record reflects the court copiously requested the parties' positions, offering ample opportunity to be heard. Plaintiff maintained her request to terminate defendant's parental rights based on allegations that defendant's girlfriend abused G.Q. Plaintiff also reiterated she wanted defendant "to be no part of" and "removed from [their] daughter's life."

For these reasons, we conclude plaintiff clearly withdrew her child support enforcement request and did not seek a modification; thus, her argument that the court erred is procedurally defective and not properly before us. We generally decline to consider questions or issues not presented below when an opportunity for such a presentation is available unless the questions raised on appeal concern jurisdiction or matters of great public interest. See N.J. Div. of Youth & Fam. Servs. v. H.B., 375 N.J. Super. 148, 186 (App. Div. 2005) (citing Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). We only comment that plaintiff is not foreclosed from seeking to enforce or modify child support if a warranted change in circumstances is presented. See Jacoby, 427 N.J. Super. at 116.

We next reject plaintiff's contention that the court failed to provide adequate factual findings and an analysis of the child custody statutory factors set forth in N.J.S.A. 9:2-4(c). The record reflects plaintiff repeatedly requested sole custody and to prevent defendant from having any contact with G.Q. On appeal, plaintiff frames her requested relief below as a "modification of parenting time . . . and visitation." As the court correctly stated, when addressing any modification of custody or parenting time, plaintiff had "the burden of proof to show that [it is] in the best interest[s] of the child and that there has been changed circumstances since the legal custodial order was entered as to why it should be changed."

In determining whether plaintiff made a prima facie showing of changed circumstances to modify custody, the court listened extensively to plaintiff's assertions that the DCPP and the prosecutor's office failed to properly investigate allegations of abuse against G.Q. The court found it was unsubstantiated that defendant "physically abuse[d] [their] daughter" as the agencies charged with investigating the allegations made no findings of abuse. Additionally, the court found, even accepting as true all of plaintiff's allegations and all hearsay statements, there was no basis for a hearing to address plaintiff's request "to terminate [defendant's] parental rights." The

11

court ordered supervised parenting time and declined to modify custody, finding plaintiff had not established a "basis . . . to terminate parental rights or to not allow [defendant] have a supervised parenting session." We discern no reason to disturb the court's well-reasoned decision, which is amply supported by the record.

To the extent that we have not addressed plaintiff's remaining arguments, it is because they lack sufficient merit to be discussed in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0950-22